IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| FLOYD HOGAN, JR., et al.,    )<br>                              )<br>    Plaintiffs,             )<br>                              )<br>    v.                        )<br>                              )<br>                              )<br>ALLSTATE BEVERAGE             )<br>COMPANY, INC., d/b/a          )<br>Gulf Distributing,            )<br>                              )<br>    Defendant.                )  | CIVIL ACTION NO.<br>2:10cv390-MHT<br>(WO) |

OPINION

This cause is before the court on a joint motion to approve an agreement settling 16 plaintiffs' claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, against defendant Allstate Beverage Company, Inc. Jurisdiction is proper pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question). For the following reasons, the court will approve the settlement agreement.

"Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and

employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (Thompson, J.) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). The first exception requires supervision by the Secretary of Labor under 29 U.S.C. § 216(c); the second exception allows for settlement of claims for back wages under 29 U.S.C. § 216(b), if a court "scrutiniz[es] the settlement for fairness," and determines that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In this case, there are *bona fide* disputes over FLSA provisions, namely FLSA coverage and the amount of overtime hours worked by the 16 plaintiffs. Plaintiff Floyd Hogan, a former Allstate employee, filed this lawsuit alleging that Allstate willfully violated the FLSA by failing to pay him overtime; he sought backpay, liquidated damages, and attorney's fees and expenses. Fourteen additional former Allstate employees filed notices of consent seeking to join Hogan's lawsuit and pursue their claims collectively under the FLSA's collective-action mechanism. The 15 plaintiffs filed a motion for conditional class certification and another notice of consent seeking to join one additional former Allstate employee to the lawsuit. The court granted the motion permitting the additional 15 former employees to join the lawsuit as plaintiffs. In total, therefore, there are 16 plaintiffs who allege that Allstate failed to pay them overtime for weeks they worked in excess of 40 hours in violation of the FLSA. With the exception of plaintiff Reginal Smith who was previously employed

as a driver's helper and paid hourly, all plaintiffs allege they were previously employed by Allstate as warehouse workers and paid a fixed weekly salary.  Prior to opting to join the lawsuit and after being fully advised of the collective-action process and their rights and potential recovery, the plaintiffs signed consent forms agreeing to be bound by the terms of any settlement agreement.  Allstate denies any liability in this case and asserts a number of affirmative defenses.

However, after mediation and without admitting any liability, Allstate has agreed to pay settlement proceeds totaling $ 27,500.00 as follows:  backpay totaling $ 6,000.00, minus required deductions, by check payable to Floyd Hogan, Jr; backpay totaling $ 1,433.00, minus required deductions, by check payable to Joshua Joel White; backpay totaling $ 1,433.00, minus required deductions, by check payable to Myles J. Willis; backpay totaling $ 1,433.00, minus required deductions, by check payable to De'Andre J. Myers; backpay totaling $ 1,433.00, minus required deductions, by check payable

to Kelvin C. Smith; backpay totaling $ 1,433.00, minus required deductions, by check payable to Darius Johnson; backpay totaling $ 1,433.00, minus required deductions, by check payable to Rodricus A. Nelson; backpay totaling $ 1,433.00, minus required deductions, by check payable to Ernest J. McKee; backpay totaling $ 1,433.00, minus required deductions, by check payable to George Johnson; backpay totaling $ 1,433.00, minus required deductions, by check payable to Jestin D. Scott; backpay totaling $ 1,433.00, minus required deductions, by check payable to Deandrea T. Henderson; backpay totaling $ 1,433.00, minus required deductions, by check payable to John D. Macon; backpay totaling $ 1,433.00, minus required deductions, by check payable to Antuwan M. Smith; backpay totaling $ 1,433.00, minus required deductions, by check payable to Taras Cheatham; backpay totaling $ 1,433.00, minus required deductions, by check payable to Adrian Cook; and backpay totaling $ 1,433.00, minus required deductions, by check payable to Reginal Smith.  As additional consideration for the parties' mutual promises

and compromises, Allstate has agreed to pay expenses totaling $ 3,978.00, which amount represents the cost of mediation.

The parties agree the payments of backpay are intended to pay unpaid wages and, therefore, are subject to normal withholdings and taxes.  Allstate will withhold taxes from any amount designated as backpay according to the tax withholding documents on record and/or that will be provided by the plaintiffs.

All the plaintiffs, with the exception of one who has been unavailable for an extended period of time and cannot be located, signed written acknowledgements confirming their approval of the settlement terms.

The plaintiffs' claims for attorney's fees and expenses were negotiated separately from the plaintiffs' claims for backpay and liquidated damages.  In an effort to expedite payment to the plaintiffs while avoiding the additional costs and delays associated with fee petitions and continued litigation, the parties agreed the plaintiffs' counsel would waive his fees, estimated to

be approximately $ 20,000.00. The agreement to waive attorney's fees clearly did not negatively affect, and, in fact, benefitted the plaintiffs' recovery. Indeed, the compromise on attorney's fees facilitated the parties' final resolution of all claims.

There is no evidence of unfair and improper "use [of] an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Hogan v. Allstate Beverage Co., Inc.,* 821 F.Supp.2d 1274, 1284 (M.D. Ala. 2011) (Thompson, J.).

Based on the above, the court holds that the settlement agreement is a fair, reasonable, and adequate resolution of this litigation, that is, the *bona fide* disputes presented.

An appropriate judgment granting the parties' joint motion to approve settlement of the FLSA claim and dismissing this case in full will be entered.

DONE, this the 15th day of July, 2021.

                                     /s/ Myron H. Thompson
                                 UNITED STATES DISTRICT JUDGE